COURT OF APPEALS
DECISION
DATED AND FILED

March 18, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1442**

Cir. Ct. No. **2020SC260**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

BANDARA GAMINI,

    PLAINTIFF-APPELLANT,

  V.

QUARTZ HEALTH BENEFIT PLANS CORPORATION,

    DEFENDANT-RESPONDENT.

        APPEAL from an order of the circuit court for Grant County: CRAIG R. DAY, Judge. *Affirmed*.

        ¶1    NASHOLD, J.[1]  In this small claims action, a policyholder appeals a circuit court order upholding the insurer's denial of his claim. I conclude that the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

medical procedure at issue is not covered by the insurance policy and, accordingly, affirm the circuit court's order.

## BACKGROUND

¶2 Bandara Gamini (Gamini) subscribes to a Wisconsin medical insurance plan through Quartz Health Benefit Plans Corporation (Quartz). Gamini's 19-year-old son, Tikiri Bandara[2] (Tikiri), was visiting his mother in Sri Lanka when he developed severe dental pain. Tikiri sought medical treatment, and X-rays revealed that he had four impacted wisdom teeth. No infection or abscess was detected. The four teeth were successfully removed by Dr. Parakrama Wijekoon, an oral and maxillofacial surgeon at a hospital in Kandy, Sri Lanka. Tikiri remained in the hospital overnight and was discharged the next day. The hospital billed $4,600 for the procedure, and the Gamini family paid in full.

¶3 Gamini filed a claim under his policy with Quartz, which covered Tikiri as a participant. The hospital is not a Quartz in-network provider, and Gamini's policy instructs that, "[e]xcept as specifically stated for EMERGENCY and URGENT CARE …, YOU do not have coverage for services from OUT-OF-NETWORK PROVIDERS." The exception to the policy's exclusion for out-of-network care provides coverage for "EMERGENCY or URGENT CARE services outside the SERVICE AREA."[3] Quartz physician Laura Krister evaluated the

---

[2] The record reflects that the appellant's first name is the same as his son's last name. To avoid confusion, I distinguish between the two by using the appellant's last name, Gamini, and his son's first name, Tikiri.

[3] On appeal, the parties agree that Tikiri's procedure could only be covered under the Quartz policy if the procedure was deemed an "emergency" under the policy. Neither party discusses the policy's provisions relating to "urgent care."

claim and, based on her conclusion that Tikiri's condition allowed him to travel to the United States for treatment, Quartz denied the claim.

¶4      Gamini appealed the denial of coverage, and Quartz denied the appeal following a review by Dr. Mary Pak, another Quartz physician. Dr. Pak's report explained that the medical records did not indicate an active infection or abscess that required operative intervention.

¶5      Gamini filed a small claims action in Grant County seeking reimbursement for the entire $4,600 cost of the procedure.[4] Following a hearing, the circuit court upheld Quartz's denial of coverage and dismissed Gamini's action. I affirm.

## DISCUSSION

¶6      Our supreme court has consistently stated that the interpretation of an insurance contract is a question of law reviewed de novo. *Fontana Builders, Inc. v. Assurance Co. of Am.*, 2016 WI 52, ¶38, 369 Wis. 2d 495, 882 N.W.2d 398 (collecting cases). "[W]here a dispute turns upon application of an insurance policy to underlying facts, interpretation of the insurance policy presents a question of law for the court." *Id.*, ¶48. The circuit court's findings of fact will be upheld unless clearly erroneous. *Phelps v. Physicians Ins. Co. of Wis.*, 2009 WI 74, ¶34, 319 Wis. 2d 1, 768 N.W.2d 615. The credibility of witnesses and the weight to be attached to that evidence are matters uniquely within the province of

---

[4] At the small claims hearing, the circuit court inquired into the extent to which Quartz would reimburse the cost of the procedure if the court determined that the procedure was covered under Gamini's policy. Quartz's written response indicated that, if the situation were deemed an "emergency" within the meaning of the policy, then, after adjustments for Tikiri's deductible and co-insurance, Quartz would reimburse $4,110.37 of the $4,600 cost of the procedure.

the trial court when, as here, it acts as the finder of fact. *See Global Steel Prods. Corp. v. Ecklund Carriers, Inc.*, 2002 WI App 91, ¶10, 253 Wis. 2d 588, 644 N.W.2d 269.

¶7    The circuit court made the following findings of fact.  The court found that "Tikiri developed severe mouth pain" while in Sri Lanka.  The court found that Tikiri was admitted to the hospital for the removal of the four teeth and remained there overnight.  The court also found that "[t]he eruption and impaction of wisdom teeth occurs over a matter of years.  Although it can be extremely uncomfortable, delay in removal of impacted wisdom teeth has not been shown to risk imminent and serious jeopardy to a participant's health nor serious impairment or dysfunction."  Based on these findings of fact, the court determined that Tikiri was not suffering an "emergency" at the time of the procedure, as that term is defined in the policy language.  The policy defines "emergency" as follows:

> **EMERGENCY:**  Means a medical condition that manifests itself by acute symptoms of sufficient severity, including severe pain, to lead a prudent layperson who possesses an average knowledge of health and medicine to reasonably conclude that a lack of medical attention will likely result in any of the following:
>
> 1) Serious jeopardy to the PARTICIPANT'S health. With respect to a pregnant woman, it includes serious jeopardy to the unborn child.
>
> 2) Serious impairment to the PARTICIPANT'S bodily functions.
>
> 3) Serious dysfunction of one or more of the PARTICIPANT'S body organs or parts.[5]

---

[5] The policy contains a non-exhaustive list of "examples of EMERGENCIES": "i) Acute allergic reactions, ii) Acute asthmatic attacks, iii) Convulsions, iv) Epileptic seizures, v) Acute
(continued)

4

¶8 It is undisputed that neither Tikiri nor his treating physician, Dr. Wijekoon, testified at the hearing. However, the circuit court had before it a letter from Dr. Wijekoon to Quartz with the subject line "RE: Emergency Dental Care for Tikiri Bandara," in which Dr. Wijekoon confirmed that a cash payment of $4,600 was received "for the emergency dental care" of Tikiri. Although no transcript was included in the record, it appears that Dr. Krister testified at the hearing, and possibly other Quartz employees.[6] Based on the record, the circuit court concluded that Tikiri's health situation involving his wisdom teeth was not an emergency as defined in the health plan and was therefore not a covered expense. The court noted that the record before it contained no evidence of any jeopardy to Tikiri's health, serious impairment of his bodily functions, or serious dysfunction of a bodily organ or part. In so concluding, the court declined to accept Dr. Wijekoon's "bald assertion that the procedure was an emergency" while also declining to "accept at face value the testimony of Quartz's employees that it was not an emergency." Instead, the court noted that it was required to apply the undisputed facts of the case to the policy language "without the need to endorse one or the other of the medical opinions."

¶9 Gamini argues that the circuit court was wrong to credit the evidence put forth by Quartz over Dr. Wijekoon's assertions. First, Gamini asserts that the court should have disregarded the opinion of Quartz employee Dr. Krister because

_____

hemorrhage, vi) Acute appendicitis, vii) Coma, viii) Heart attack, ix) Attempted suicide, x) Suffocation, xi) Stroke, xii) Drug overdoses, xiii) Loss of consciousness, and xiv) Any condition for which YOU are admitted to the HOSPITAL as an inpatient from the EMERGENCY room."

[6] This conclusion is based on the circuit court's reference to the "testimony" of Quartz employees and Gamini's reference to the "testimony" of Dr. Krister.

Dr. Krister is a practitioner of family medicine and is not an oral and maxillofacial surgeon. I reject this argument. Dr. Krister is a licensed physician, and the circuit court was not required to accept Dr. Wijekoon's statement that the care was an "emergency" because Dr. Wijekoon is an oral and maxillofacial surgeon and Dr. Krister is not. Furthermore, Gamini failed to take advantage of an opportunity to request and receive an independent external review by an independent review organization, which Quartz asserts would have allowed for review by an oral surgeon. Gamini does not address the independent external review process Quartz provides its subscribers, nor does he respond to Quartz's assertion that the process would have allowed for review by a specialist.[7]

¶10    Second, Gamini contends that the circuit court erred in rejecting as a "bald assertion" statements in the letter from Dr. Wijekoon that the procedure performed was "emergency dental care." Notably, the letter from Dr. Wijekoon to Quartz in which he describes the procedure as "emergency dental care" is the only evidence in the record that Gamini points to in support of his claim that Tikiri's condition was an emergency within the meaning of the policy language. I disagree that the court erroneously exercised its discretion by not accepting Dr. Wijekoon's two references to "emergency dental care" as conclusory proof that Tikiri's condition amounted to an emergency. The references to "emergency dental care" are made in a letter from Dr. Wijekoon to Quartz, the primary purpose of which was to indicate receipt of payment in the amount of $4,600. Unlike Dr. Krister's report, which noted that Tikiri's condition allowed him to travel, Dr. Wijekoon's letter to Quartz does not indicate any reason for reaching a determination that

_____

[7] Gamini did not file a reply brief in this appeal.

Tikiri's condition constituted an emergency. Furthermore, a second Quartz physician, Dr. Pak, reviewed the case and came to the same conclusion as Dr. Krister, providing further support for the circuit court's conclusion that Tikiri's condition did not amount to an emergency. Thus, I reject Gamini's argument regarding the weighing of evidence.

¶11    Gamini next argues that the following statement by the circuit court is a medical opinion beyond the court's purview:

> Even accepting that Tikiri developed severe pain while in Sri Lanka, the policy definition of an emergency requires more. It requires a reasonable belief that a lack of medical attention will result in damage or serious impairment or dysfunction. The record contains no evidence of any jeopardy to Tikiri's health, serious impairment of his bodily functions, or serious dysfunction of a bodily organ or part. The eruption and impaction of wisdom teeth occur over a matter of years.

This statement contains both the circuit court's application of the policy language to the facts of this case and the court's finding of fact regarding the nature of the eruption of wisdom teeth. Contrary to Gamini's suggestion, it is not beyond the purview of the court to interpret the policy language and apply that language to the facts of the case. To the extent Gamini contests the court's findings of fact regarding "[t]he eruption and impaction of wisdom teeth," Gamini has failed to show that the court's findings were clearly erroneous. Moreover, it is Gamini's responsibility as appellant to ensure the completeness of the record, and the record does not contain a transcript of the small claims hearing. Therefore, I assume that the missing transcript would support the court's findings regarding the eruption of wisdom teeth. *See State v. Provo*, 2004 WI App 97, ¶19, 272 Wis. 2d 837, 681 N.W.2d 272 (it is the appellant's responsibility to ensure that the record is

7

complete, and this court assumes that any missing transcripts would support the circuit court's decision).

¶12    On de novo review of the circuit court's application of the policy language to the facts of the case, I conclude that Tikiri's condition did not constitute an emergency within the meaning of the policy. The facts show that Tikiri was in severe pain, but do not show that a lack of medical attention would likely have resulted in serious jeopardy to his health, serious impairment to his bodily functions, or serious dysfunction of one or more of his body organs or parts. Thus, his condition did not amount to an "emergency" within the policy's definition of that term, and the court therefore properly upheld Quartz's denial of coverage and dismissed Gamini's claim.

## CONCLUSION

¶13    For the reasons stated above, I affirm the circuit court's order dismissing Gamini's claim.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.